IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY L. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-08-633-M |
| v. | ) | |
| | ) | |
| HARVEY BURKHART, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se,* filed this civil rights action pursuant to 42 U.S.C. §1983 alleging constitutional deprivations related to his pretrial confinement in the Carter County jail. The Defendants named in the Complaint are identified as officials at the Carter County Jail who reside in Ardmore, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* filed with his Complaint was granted by Order entered June 23, 2008. Pursuant to 28 U.S.C. § 1915(b), Plaintiff was directed to pay $37.71 on or before July 14, 2008, as an initial partial payment of the filing fee or show cause in writing for his failure to do so. Plaintiff was also notified of his right to voluntarily dismiss the action on or before July 14, 2008, without incurring any

fees or costs. In connection with this notification, Plaintiff was advised that his Complaint indicated venue in this Court was improper. See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(holding court may consider personal jurisdiction and venue *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed); 28 U.S.C. § 116(b)(Carter County is located within the jurisdiction of the United States District Court for the Eastern District of Oklahoma). All of the Defendants reside in Carter County, and the events, actions, and omissions upon which Plaintiff seeks relief all occurred in Carter County. Thus, there is no basis for finding venue is properly laid in this judicial district. See 28 U.S.C. § 1391(b)(requirements for bringing action in particular venue include "a judicial district where any defendant resides," "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or "a judicial district in which any defendant may be found....").

Although Plaintiff has not yet complied with the Order directing payment of an initial partial filing fee, Plaintiff has now moved to "withdraw" his cause of action from this Court "to the [United States District Court for] the Eastern District" of Oklahoma due to lack of venue in this Court.

Plaintiff's Motion for Permission of Change of Venue (Doc. # 6) could be construed as a voluntary dismissal of his cause of action pursuant to Fed. R. Civ. P. 41(a)(1)(A). However, assuming Plaintiff's Motion is a request for an Order transferring this matter to the Eastern District of Oklahoma, the matter should be dismissed without prejudice to refiling in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a) due to lack of venue.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1406(a) due to lack of venue. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      July 21st      , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   1st   day of    July   , 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE